State of Maine
*vs.*
Richard F. Huff

Cumberland.   Opinion, June 5, 1961.

Sitting: Williamson, C. J., Webber, Tapley, Sullivan, Dubord, Siddall, JJ.   Opinion: Webber, J.

*Arthur Chapman, Jr.,* Co. Atty., for state.

*Basil A. Latty,*
*Carl G. Usher,* for defendant.

WEBBER, J.   The respondent here was convicted of embezzlement of municipal funds under the provisions of R. S. Chap. 132, Sec. 7.   The applicable portions of the statute are:

> "Sec. 7.   Larceny by embezzlement or fraudulent conversion of property; receiver liable.   If * * * a public officer (or) collector of taxes * * * embezzles or fraudulently converts to his own use * * *any money in his possession or under his control by virtue of his office * * *, he is guilty of larceny * * *."

The respondent occupied simultaneously the offices of treasurer, tax collector, and town clerk for several years in the town of Gorham.   In 1955 and 1956 the respondent made five payments to himself by checks drawn upon the bank account in which funds of the town were maintained. The indictment charges in effect that the appropriation of these five sums by the respondent constituted embezzlement.

The respondent asserts as his principal defense that his own funds, fees which belonged to him in his capacity as town clerk, were commingled with those of the town and that he withdrew only such funds, the same being his own property.   He further asserts that if the funds withdrawn are shown to have been funds of the town, then in any event he entertained in good faith an honest and well-founded belief that such funds were in fact his own.

The respondent brings forward his appeal and twenty-four exceptions.   The appeal and his exception to the refusal of the presiding justice to direct a verdict raise the same issue and may be first considered.

A review of the evidence discloses that the jury could find on the basis of evidence properly admitted that the respondent, in his capacity as treasurer but without warrant from the selectmen as required by law, issued the five checks on which the indictment is based; that these checks, drawn upon the bank account in which town funds were maintained, were made payable to himself; that they were deposited in his personal bank account and used by him for his own purposes and in discharge of his personal obligations; that insofar as any fees which came into his hands as town clerk were deposited in the bank account maintained by the town for its town funds, they were so commingled with funds of the town produced by the collection of taxes as to retain no separate identity as fees; and that the total deposits made by the respondent into the town account were substantially less than the total sums for which he issued treasurer's receipts. In this connection it must be borne in mind that no treasurer's receipts were issued for fees received by the respondent as town clerk. On this evidence the jury could reasonably and properly conclude that if the respondent had deposited his fees in the town account as he testified he had done, his deposits would necessarily have exceeded his treasurer's receipts by the amount of such fees; that the respondent misappropriated and failed to deposit funds which belonged to the town and was short by a substantial amount; that the only funds remaining in the town account when he drew the five checks in question were town funds; that when he made these payments to himself he was in truth and in fact knowingly converting town funds to which he had no right; and that on the basis of the facts and existing circumstances he could not rationally have entertained an honest and well-founded belief that he had any right to the money. The jury could find his felonious intent from his acts and conduct and the surrounding circumstances. A conviction was thereby warranted and the respondent takes nothing by his appeal and his first exception.

EXCEPTIONS 2 AND 6. The presiding justice gave this instruction to the jury: "If you found, or if you find, that he withdrew town funds, that is, funds belonging to the town collected from taxes, or other purposes in connection with a town clerk's duties, and he converted such funds to his own use, you, of course, would have the duty to find the respondent guilty." To this instruction the respondent seasonably noted his exception. On its face the instruction fails to include the essential element that felonious intent must be shown beyond a reasonable doubt. *State* v. *Smith,* 140 Me. 255. We look elsewhere in the charge to see whether the necessity of proof of felonious intent is fully and adequately covered. Although there are references to intent, we do not find any clear and unambiguous instruction upon this important element of proof. Apparently in an effort to remedy the omission, the respondent requested that the following instruction be given: "The State must prove beyond a reasonable doubt that the respondent had a felonious intent to convert the property of the town of Gorham to his own use, and if you find that the respondent, in good faith, honestly believed that he had a right to do what he did, then the State has not proved his felonious intent, even though by law he did not have a legal right to do so." As was stated in *State* v. *Smith, supra,* at page 271, this instruction is a not inaccurate statement of the applicable law "providing the belief is 'honest and well founded.'" If the respondent had substituted for the words "honestly believed" the words "entertained an honest and well founded belief," the requested instruction would have rested squarely on the language suggested in Smith. We think that at least the substance of this requested instruction should have been given under the circumstances. The second and sixth exceptions must be sustained.

EXCEPTIONS 3 AND 4. The respondent requested the following instruction which was refused: "If you find that Richard Huff did not convert money, the property of the

town of Gorham, to his own use, then you should find him not guilty." This instruction takes into account the essential fact that the crime involved is not withdrawing funds from the town account without warrant, but rather is the embezzlement or fraudulent conversion of the town funds with the felonious intent essential thereto. We do not find elsewhere in the charge any instruction which precisely and unconditionally covers as does the requested instruction the situation which would exist if the jury found that the respondent converted funds in the town account without warrant and even with a felonious intent, but in fact the funds did not belong to the town. The requested instruction or its substance should have been given and the third exception must therefore be sustained. The fourth exception deals with a requested instruction which is virtually an amplification of the one above quoted and the same principles apply.

EXCEPTION 5. The following instruction was requested and refused: "I instruct you as a matter of law that the fees of the town clerk of Gorham were always the property of the holder of that office, and the ordinance of the town of Gorham appropriating those fees to the town of Gorham was null and void and of no legal effect."

R. S. 1954, Chap. 91, Sec. 28 provided specifically for certain fees to be received by the clerks of cities and towns. The scheduled fees were the property of the clerk. This statute was in effect during the years involved in the instant case and remained in effect until by P. L. 1957, Chap. 405, the revision of the law relating to municipalities was enacted which is now R. S. Chap. 90A. We note with interest that Sec. 48 of the present law includes the following: "A municipality may provide for a salary to be paid to the clerk as full compensation, in which case the fees accrue to the municipality." This significant provision was not a part of the law prior to 1957.

The respondent was first elected town clerk in 1952. In his first year of office his salary was fixed by the town for the three offices he held at $3,000 per year with a provision that the town would retain all clerk fees. In the following year the salary was increased to $3500 but, perhaps through inadvertence, no reference to the retention of clerk fees was included in the vote. Thereafter the salary was reduced to $2,000, perhaps in recognition of the lawful right of the clerk to retain his fees.

We are satisfied that until the enactment of the above-quoted provision now contained in Chap. 90A, an attempted vote of the town seeking to appropriate to itself the statutory fees of the clerk was in contravention of the statute and therefore null and void. Since the respondent placed in issue the ownership of the fees in his first years in office by asserting he was only taking what was lawfully his, he was entitled to have the jury instructed substantially in accordance with his request. The fifth exception must be sustained.

EXCEPTION 7. This exception relates to a requested instruction which was refused. In view of the foregoing holding on exceptions 2 to 6 inclusive, it is unnecessary to discuss this exception in detail. We are satisfied that the respondent was not entitled to the instruction in the form proposed and if the requested instructions heretofore discussed had been given to the jury, in our view the substance of this instruction would not have been necessary.

EXCEPTIONS 8 TO 12 INCLUSIVE. These exceptions involve rulings on evidence in which we note no error on the part of the presiding justice and no prejudice to the rights of the respondent. Since no important rules of law are involved, it seems unnecessary to discuss these rulings in detail.

EXCEPTION 13. A witness who was qualified as an expert auditor and accountant was asked by the attorney for

the State on direct examination: "Q. Mr. Emery, as a result of your auditing did you find that the town of Gorham owed Mr. Huff an amount of money equal to those five checks you have in your hand?" Over the respondent's objection, witness was permitted to answer and stated, "A. No, I found that there was no such sum of money owed Mr. Huff." The respondent gave as the basis of his objection that any testimony the witness might give along the lines suggested by the question would be based upon incomplete records, "written hearsay", and would call for the legal conclusion of a layman. The objection should have been sustained. The question called for a mixed conclusion of fact and law which was beyond the competence of the witness.

EXCEPTIONS 14 TO 22 INCLUSIVE. These exceptions involve rulings by the presiding justice on proffered evidence in which we note no error and no prejudice to the respondent. Since no questions of law of particular significance are involved it is unnecessary to discuss these exceptions in detail.

EXCEPTIONS 23 AND 24. The auditor, Mr. Emery, testifying for the State in rebuttal was permitted over the respondent's objection to testify in one instance that for the fiscal year ending February 5, 1956 the treasurer's receipts totalled $472,969.45 and his bank deposits $468,557.86, and in the second instance that for the fiscal year ending February 4, 1957 the receipts totalled $704,910.56 and the deposits $688,406.96. The only reason offered by the respondent in support of his objection was that this was not proper rebuttal. This being the sole ground of objection, the presiding justice properly admitted the evidence. The respondent had testified in his own defense that all of his town clerk fees were deposited in the town account. He further admitted that if this were the fact the deposits for the years in question should have exceeded the treasurer's receipts. The rebuttal testimony directly and properly attacked the veracity of the respondent on this material issue.

In view of the fact that this case will be retried, it may be noted that the respondent might have urged that no proper foundation had been laid for the testimony. In this connection it is noted that courts quite uniformly permit relaxation of the best evidence rule where records are voluminous and involve intricate details so that an inspection thereof would seriously and unnecessarily delay and inconvenience the court and jury. In such a case an expert and qualified accountant or auditor is usually permitted to summarize information contained therein. However, the justification for the relaxation of the rule should be first established. The records which form the basis of the summary by the expert witness should be in court or at least available to the opposing party for inspection. No such relaxation of the rule is warranted where there is no preliminary showing as to the nature or volume of the records used by the witness and no evidence suggesting the difficulty or impossibility attending the production of the records in court and their examination and analysis as evidence by the court and jury. *People* v. *Gerold,* 265 Ill. 448, 107 N. E. 165; *State* v. *Phillips,* 175 Kan. 50, 259 P. 2d 185, 189; Anno. 66 ALR 1206; 20 Am. Jur. 398, Sec. 449; Wigmore on Evidence, 3rd Ed., Vol. IV, Page 434, Sec. 1230 (and cases cited in text and supplement).

Accordingly the entry will be

*Appeal denied.*

*Exceptions 2, 3, 4, 5, 6, 13 sustained.*

*Exceptions 1, 7, 8 to 12 inc., 14 to 22 inc., 23, 24 overruled.*

*New trial ordered.*